JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-1713 PA (VBKx) | Date | March 13, 2013 |
|---|---|---|---|
| Title | Deutsche Bank National Trust Co. v. Rubin Knight, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**      IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendant Patricia Knight ("Defendant") on March 11, 2013. Plaintiff Deutsche Bank National Trust Company, as indenture trustee for New Century Alternative Mortgage Loan Trust 2006-ALT1 ("Plaintiff") filed its Complaint in Los Angeles County Superior Court asserting a single cause of action for unlawful detainer. Defendant asserts that this Court has subject matter jurisdiction on the basis of 28 U.S.C. § 1443, which creates federal removal jurisdiction for actions brought against people who cannot enforce in state court "any law providing for the equal rights of citizens of the Untied States." 28 U.S.C. § 1443(1). Defendant also invokes the Court's diversity jurisdiction, 28 U.S.C. § 1332, and federal question jurisdiction, 28 U.S.C. § 1331.

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

This is the third time that Defendant has attempted to remove this action. On the two prior attempts, Case Numbers CV 12-8818 ABC (SHx) and CV 13-217 ABC (Shx), the Court has remanded the action for lack of subject matter jurisdiction and procedural defects, including that the Notice of Removal was not filed within 30 days of service of the Complaint. This latest removal is also untimely. "[A] proper removal notice must be filed within 30 days of service of the plaintiff's complaint." 28 U.S.C. § 1446(b); Parrino v. FHP, Inc., 146 F.3d 699, 703 (9th Cir. 1998). "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . ." 28 U.S.C. § 1446(b). Failure to comply with the statutory time limit bars removal. See, e.g., N. Ill. Gas Co. v. Airco Indus. Gases, 676 F.2d 270, 273 (7th Cir. 1982).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-1713 PA (VBKx) | Date | March 13, 2013 |
|---|---|---|---|
| Title | Deutsche Bank National Trust Co. v. Rubin Knight, et al. | | |

    Defendant's repeated filing of Notices of Removal is also improper. A second removal is permissible when made on new grounds arising from subsequent pleadings or events. See Peabody v. Maud Van Cortland Hill Schroll Trust, 892 F.2d 772, 776 (9th Cir. 1989); One Sylvan Rd. N. Assocs. v. Lark Int'l, Ltd., 889 F. Supp. 60, 62–63 (D. Conn. 1995) ("A defendant who fails in an attempt to remove on the initial pleadings can file a second removal petition when subsequent pleadings or events reveal a new and different ground for removal.") (emphasis added). However, a party cannot remove a case twice based on the same grounds. See Seedman v. U.S. Dist. Court for Cent. Dist. of Cal., 837 F.2d 413, 414 (9th Cir. 1988) ("a second removal petition based on the same grounds does not 'reinvest' the court's jurisdiction"). Indeed, a second attempt at removal is justified only when there has been a "substantial change in the nature of the instant case since it was last in this court." One Sylvan, 889 F. Supp. at 64. Here, there has been no change in the nature of the case, and there have not been any subsequent pleadings or papers which might provide a basis for a second or third removal. Moreover, in granting Plaintiff's Motion to Remand in Case No. 13-217 ABC (SHx), the Court ordered that Defendant "may not file any additional Notice of Removal" in this action. The filing of another Notice of Removal in this action may result in the imposition of sanctions against Defendant, including the initiation of contempt proceedings.

    This latest Notice of Removal also fails to establish the existence of the Court's subject matter jurisdiction.

    **A.**    **Federal Question Jurisdiction**

    Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. There is no federal question jurisdiction simply because there is a federal defense to the claim. Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F. 2d 1368, 1372 (9th Cir. 1987).

    Here, the Complaint contains a single cause of action for unlawful detainer. No federal claim is alleged. Defendant's Notice of Removal alleges that her Answer to the unlawful detainer action asserts an affirmative defense that Plaintiff "is arbitrarily discriminating against the defendant in violation of the Constitution . . . of the United States." These allegations do not constitute a basis for removal. Neither a federal defense nor an actual or anticipated federal counterclaim form a basis for removal.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-1713 PA (VBKx) | Date | March 13, 2013 |
|---|---|---|---|
| Title | Deutsche Bank National Trust Co. v. Rubin Knight, et al. | | |

Vaden v. Discover Bank, __ U.S. __, 129 S. Ct. 1262, 1272, 173 L. Ed. 2d 206 (2009).  Therefore, Defendant has failed to show that federal question jurisdiction exists.

**B.     Removal Under 28 U.S.C. § 1443**

A defendant "who is denied or cannot enforce" his or her civil rights in state court may remove a civil action or criminal prosecution to federal court.  28 U.S.C. § 1443.  Section 1443(1) was enacted "to remove from state courts groundless charges not supported by sufficient evidence when these charges are based on race and deny one his federally protected equal rights as guaranteed by Title II of the 1964 Civil Rights Act."  Walker v. Georgia, 417 F.2d 5, 9 (5th Cir. 1969).  Section 1443 provides, in pertinent part, "Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending: (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof . . . ."  28 U.S.C. § 1443(1).

> A petition for removal under § 1443(1) must satisfy the two-part test articulated by the Supreme Court in Georgia v. Rachel, 384 U.S. 780, 788-92, 794-804, 86 S. Ct. 1783, 16 L. Ed. 2d 925 (1966) and City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 824-28, 86 S. Ct. 1800, 16 L. Ed. 2d 944 (1966). "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights."  California v. Sandoval, 434 F.2d 635, 636 (9th Cir. 1970) "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights."  Id.

Patel v. Del Taco, Inc., 446 F.3d 996, 998-99 (9th Cir. 2006).  Defendant does not allege any facts that would support removal under § 1443 and therefore Defendant meets neither part of the Supreme Court's test in Georgia v. Rachel.  There are no allegations or any other indication that Defendant has properly sought to invoke a law that provides "for the equal civil rights of citizens of the United States," or that he is unable to pursue such a claim or that the state court is unable or unwilling to enforce such a claim.  Nothing in Defendant's conclusory allegations concerning the asserted deficiencies in California's unlawful detainer procedures "command[s] the state courts to ignore" Defendant's federal rights.  See Patel, 446 F.3d at 998-99.  Therefore, the Notice of Removal's allegations are insufficient to establish the Court's jurisdiction under § 1443.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 13-1713 PA (VBKx) | Date | March 13, 2013 |
|---|---|---|---|
| Title | Deutsche Bank National Trust Co. v. Rubin Knight, et al. | | |

**C.    Diversity Jurisdiction**

  Defendant has also failed to show that diversity jurisdiction exists over this action. Subject matter jurisdiction based on diversity of citizenship requires all plaintiffs to have different citizenship from all defendants and that the amount in controversy exceed $75,000. See 28 U.S.C. § 1332; Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978). To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990). For the purposes of diversity jurisdiction, a national bank is "a citizen of the State in which its main office, as set forth in its articles of association, is located." Wachovia Bank v. Schmidt, 546 U.S. 303, 307, 126 S. Ct. 941, 945, 163 L. Ed. 2d 797 (2006) (construing 28 U.S.C. § 1348).

  Although Defendant alleges that the amount in controversy exceeds $75,000 because the total value of the residence exceeds $75,000, the caption of the Complaint clearly states that the "amount demanded does not exceed $10,000." In unlawful detainer actions, the title to the property is not involved — only the right to possession. Evans v. Superior Court, 67 Cal. App. 3d 162, 170 (1977). As such, the amount in controversy is determined by the amount of damages sought in the Complaint, rather than the value of the subject real property. Id. Here, Plaintiff alleges in the prayer of the Complaint that it is only seeking possession of the premises, costs of suit, and $100 per day from the expiration of the Notice to Quit until it obtains a judgment. Thus, given that the amount of the note is not in controversy, Defendant has failed to show that this action meets the minimum jurisdictional requirement.

### CONCLUSION

  For the foregoing reasons, Defendant has failed to meet her burden of showing that federal subject matter jurisdiction exists over this action. Because the Court lacks subject matter jurisdiction, this action is hereby remanded to the Los Angeles County Superior Court, Case No. 12C01581. See 28 U.S.C. § 1447(c). The Court again warns Defendant of the serious consequences, including the initiation of contempt proceedings, if she again attempts to remove the unlawful detainer action to this Court.

  IT IS SO ORDERED.